UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION AT JACKSON

| | |
|---|---|
| UNIVERSITY SCHOOL OF JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HANOVER AMERICAN INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | No. _____ |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Hanover American Insurance Company (hereinafter "Hanover"), which pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and with a full reservation of rights and defenses, hereby removes the action styled "*University School of Jackson v. Hanover American Insurance Company*," Cause No. 73360, in the Chancery Court of Madison County, Tennessee to the Western District of Tennessee, Eastern Division. This Court has subject matter jurisdiction over the claims of Plaintiff, University School of Jackson ("Plaintiff") under 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is properly between citizens of different states. Hanover respectfully submits that the grounds for removal are as follows:

## THE NOTICE OF REMOVAL IS TIMELY

1.  Plaintiff filed a Complaint (the "Complaint") entitled "*University School of Jackson v. Hanover American Insurance Company*," Cause No. 73360 on July 13, 2015, in the

Chancery Court of Madison County, Tennessee, which is within the Western District of Tennessee, Eastern Division.

2. Hanover was served with process through its registered agent on July 24, 2015.

3. This Notice of Removal is being filed within thirty (30) days after Hanover was served with Plaintiff's Complaint and less than one (1) year after the commencement of the action. Additionally, there is no other defendant in this action. Accordingly, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## THE PARTIES ARE CITIZENS OF DIFFERENT STATES

4. Upon information and belief, at the time Plaintiff filed its Complaint and Hanover filed its Notice of Removal, Plaintiff was and is a domestic non-profit corporation incorporated under the laws of Tennessee with its principal place of business in Tennessee.

5. At the time Plaintiff filed its Complaint and Hanover filed its Notice of Removal, Hanover was and still is a New Hampshire corporation with its principal place of business in the state of Massachusetts.

6. Accordingly, there is complete diversity of citizenship between Plaintiff and Hanover.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS

7. The Complaint seeks coverage under Hanover policy number ZZ5-9609502-01 (the "Policy") for financial losses it sustained as a result of as a result of embezzlement and employee theft. Plaintiff claims to have sustained a loss totaling at least $613,350. See para. 6 of Plaintiff's Complaint.

8.     Although a specific amount in controversy is not alleged in the Complaint, the Plaintiff seeks coverage under the Policy's Commercial Crime Coverage Form and Education Institution Special Broadening Endorsement which carry limits of $50,000 and $100,000 respectively.  As such, the Policy limits exceed the $75,000 threshold.  Further, Plaintiff alleges on page 10 of its Complaint that "Hanover's breach of contract includes its failure to pay $150,000 to USJ as a result of the Loss."  Although  Plaintiff's Complaint is requesting compensatory damages not to exceed $50,000, counsel for Hanover requested for Plaintiff's counsel to stipulate that the Plaintiff's damages do not exceed $74,999.  Plaintiff's counsel refused to agree to this stipulation. Consequently, the amount in controversy exceeds $75,000.

## JURISDICTION

9.     The above-described action is one over which this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332, as the controversy is wholly between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Therefore, in accord with 28 U.S.C. § 1441, this case may be removed to the United States District Court for the Western District of Tennessee, Eastern Division.

10.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders which have been served on Hanover are hereby attached to this Notice of Removal, along with the entirety of the State Court records.  *See* Exhibit A.

11.     Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, written notice is being given to all parties, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Chancery Court of Madison County, Tennessee.  See Exhibit B.

WHEREFORE, defendant, Hanover American Insurance Company, prays that this, its Notice of Removal, be deemed good and sufficient and that the aforesaid Complaint be removed from the Chancery Court of Madison County, Tennessee, and that this Honorable Court enter such orders and issue such process as may be proper to bring before it copies of all records and pleadings in such civil action from such state court, and thereupon proceed with the civil action as if it had been commenced originally in this Honorable Court.

    Respectfully submitted,

    DICKINSON WRIGHT PLLC

      /s/ John E. Anderson, Sr.  
    John E. Anderson, Sr., #13698  
    424 Church Street, Suite 1401  
    Nashville, Tennessee  37219  
    615.244.6538 (telephone)  
    615.256.8386 (fax)  
    janderson@dickinsonwright.com

    Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been mailed by U.S. Mail, postage prepaid, to:

    J. Brandon McWherter, Esq.  
    Gilbert Russell McWherter  
    Scott Bobbitt, PLC  
    341 Cool Springs Boulevard, #230  
    Franklin, Tennessee  37067

Dated:   August 21, 2015.

      /s/ John E. Anderson, Sr.  
    John E. Anderson, Sr.

NASHVILLE 38411-328 541673v1